HENSLEY, ROBERT E., Associate Judge.
Appellant (plaintiff below) was Jicensed under the “Yacht and Ship Brokers Act” enacted in 1965, and which took effect on June 25, 1965. Section 537.05(2), F.S.1965, F.S.A. The Act provides:
“537.05 (2) Before any licensee under this chapter shall engage in any transaction for which a license is required under this chapter, he shall obtain a written authorization from his principal to so act.”
Appellant’s complaint alleged that appellee (defendant below) gave him an oral listing for the sale of his yacht in January 1965. He further alleges that on or about March 2, 1966, appellant contacted a prospective purchaser for the yacht, that the sale of ap-pellee’s yacht was accomplished by his efforts and that appellee was indebted to him for the commission on such sale. The complaint admits lack of written authorization from appellee, but in various counts, sets forth the right to recover under theories of contract, ratification, estoppel and quantum meruit. The lower court dismissed the complaint, holding that there could be no recovery without compliance with the act.
While the original oral listing was given prior to the effective date of the regulatory act, the transaction involved had its inception on or about March 2, 1966, which was more than eight months after the effective date of the act. The statute clearly applied to this transaction.
General statutes of fraud are provided for the protection of the parties and the courts have found them not applicable in many cases because of the circumstances of the case or the actions of the parties. This statute, however, is both regulatory and penal. The statute provides that every violation of its provisions is a misdemeanor. In such cases, strict compliance is required in order not to nullify its intended purpose.
“If a broker’s contract does not satisfy a statute providing that a contract for compensation for procuring a purchaser for real property must be hi writing, or a like statute, it has generally been held that the broker cannot recover in quantum meruit, quasi-contract, implied contract, or the like. To hold otherwise, it is said, would nullify the effect of the statute completely; and it has generally been reasoned that rules permitting recovery in quantum meruit in cases involving completed oral contracts coming within general statutes of frauds have no application to permit a like recovery in the case of an oral contract coming within a statute requiring a contract to pay a broker’s commission to be in writing.” 12 Am.Jur. 2d, Brokers, § 53. (Emphasis added.)
We affirm.
CROSS and OWEN, JJ., concur.